WILLIAM C. CHAPMAN ET AL. *v.* WHITE SEWING MACHINE CO.

1. DEEDS. *Delivery. Tenants in common.*

　A deed made to two grantees may be delivered to and accepted by
　one of them so as to invest him with an undivided interest in the
　land, and yet be ineffectual as to the other for want of a delivery
　and acceptance on his part.

2. HOMESTEADS. *Declaration of. Code 1892, § 1973.*

　The provisions of Code 1892, § 1973, allowing increased exemption to
　heads of families who make of record their selection of a home-
　stead are beneficent.

FROM the chancery court, second district, of Hinds county.
HON. HENRY C. CONN, Chancellor.

The White Sewing Machine Company, the appellee, was the
complainant in the court below; the appellants, William C.
Chapman and others, were defendants there.

The sewing machine company had procured a judgment
against William C. Chapman, and the object of the bill of
complaint was to vacate and annul the deed made by the debtor
to his wife and son, mentioned in the opinion, and to subject
the property therein attempted to be conveyed to the payment
of the, judgment. It appeared that at the time the deed was
executed Chapman, the grantor, owed his wife, Ann T. Chap-

man, a *bona fide* debt of nine hundred dollars, and his son, John D. Chapman, six hundred dollars. The deed was delivered to the wife and accepted by her, but the evidence failed to show an acceptance by the son.

After the institution of the suit the debtor defendant, William C. Chapman, filed his homestead declaration, under Code 1892, § 1973, designating as his homestead one hundred and sixty acres of the land described in the deed. The court below adjudged the invalidity of the deed and ordered the sale of the land described in it, save the one hundred and sixty acres selected by William C. Chapman as his homestead, to pay complainant's debt. The defendants appealed to the supreme court.

*W. C. Wells*, for appellants.

A physical delivery of a deed to only one of two persons is sufficient for its benefits to inure to both. Devlin on Deeds, secs. 275–6, and 287 and 299.

The true rule would seem to be that when the grantor has parted with all control of the deed its acceptance by the grantee may be presumed if it be beneficial to him. Devlin on Deeds, secs. 292, 289, and 294; *McGehee* v. *White*, 31 Miss., 41; *Wall* v. *Wall*, 30 Miss., 91; *Johnson* v. *Brook*, 31 Miss., 17; *Morris* v. *Henderson*, 37 Miss., 492; *Bullet & Miller* v. *Taylor*, 34 Miss., 708; Devlin on Deeds, secs. 178, 265, and 292.

The fact that there was a *bona fide* indebtedness existing between William C. Chapman and his wife, Ann T. Chapman, and a genuine indebtedness between William C. Chapman and his son, John D. Chapman, is proven in this case beyond all question. That William C. Chapman had a right to prefer his wife and son is too well settled in this state to need citation of authority.

*A. H. Jayne* and *W. R. Harper*, for appellee.

The deed from Mr. William C. Chapman to his wife, Ann,

and son, John, was never executed, because it was never delivered. It was never delivered because it was not accepted by the alleged grantee or either of them in a legal sense. Not by Mrs. Chapman, who received the deed from the hands of her husband and put it away in her trunk, because she did not know the terms of the deed, neither the consideration, nor. the subject matter purported to be conveyed; did not know the terms of the alleged contract, further than that she was told by her husband that it conveyed the homestead to her. The intent of the grantor was fraudulent as to complainant's debt and judgment, and besides, ever since, and notwithstanding said pretended execution of the deed, William C. Chapman has been in full possession of the property, using it in all respects as his own.

WHITFIELD, J., delivered the opinion of the court.

The testimony shows clearly that, as to Mrs. Chapman, the deed to her one-half interest was delivered to and accepted by her, with full knowledge of its contents, for a valuable consideration, long antedating appellee's claims. As to the son, the testimony is too uncertain to show delivery to him, or to his mother for him. He never saw the deed; says it never was delivered to him. And there is nothing to show that it was ever delivered to the mother for him. There is no fraud whatever shown on the part of the mother or son, and the father had the right to prefer them. He did this effectually as to the mother, but we are not willing to disturb the finding of the chancellor as to the son—that the deed was never delivered to him or any one for him. As the decree is erroneous as to the mother, the homestead allotment is also erroneous. We remark, in passing, how. curious a fact it is that so few persons desiring to save their homestead exemptions avail themselves of the increased exemption allowed by section 1973 of the code of 1892—a most beneficent provision.

In so far as the decree cancels the conveyance to the son, it

is affirmed. In so far as it cancels said conveyance to the mother, Mrs. Chapman, and as to the homestead allotment, it is reversed and the cause remanded, to be proceeded with in accordance with this opinion, a new allotment of the homestead being made. We think the equities of the case make it proper that appellee should pay all the costs of this court.

*So ordered.*